point,[2] the Seventh Circuit has discussed this issue in *United States v. Rodriguez–Luna*, 937 F.2d 1208 (7th Cir.1991).

In *Rodriguez–Luna*, remand was unnecessary because of two factors. *Id.* at 1213. First, the defendant failed to allege that he had not read or discussed the report. Second, the "only meaningful dispute at ... sentencing involved the proper quantity of cocaine to consider," and the defendant's attorney filed an objection to the presentence report's factual finding on this matter. *Id.* The defendant failed to identify any fact that he was prevented from disputing as a result of the judge's failure to determine whether he read or discussed the presentence report. The court concluded: "In the absence of any allegation that [the defendant] did not review the PSI and any identification of the facts that [he] would have disputed had he been given the opportunity, we decline to order [the defendant] to be resentenced." *Id.*

We agree with the Seventh Circuit that harmless error analysis may be appropriate where the sentencing judge fails to observe the requirements of Rule 32(a)(1)(A), if it is clear that no prejudice resulted. We also agree that the error is deplorable and easily avoided. And, in this case, we are not prepared to hold that there was no prejudice.

In *Rodriguez–Luna*, the court found the district judge's error to be harmless on the ground that the key fact in dispute at sentencing—the quantity of cocaine involved in the crime—had nevertheless been raised by defense counsel and because there were no factual inaccuracies that the defendant could have challenged had he been given an opportunity to read or discuss the report.

In the present case, by contrast, Sustaita's counsel made no specific objection to any fact in the presentence report. If Sustaita had been given an opportunity to read or discuss the presentence report, she could have tried to contradict the report's factual finding that the conspiracy involved five kilograms of heroin. Although her counsel raised a legal

objection to the report's method of calculation, the record does not show that Sustaita was given an opportunity to raise factual objections to the report's findings. We therefore cannot excuse the court's failure to determine whether Sustaita read the presentence report or discussed it with her counsel.

Rocha's sentence is AFFIRMED. Sustaita's sentence is VACATED and the cause is REMANDED for resentencing.

Dennis W. SCHILLINGER; Monica L. Schillinger, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 91–70386.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1993.

Decided Aug. 12, 1993.

Arthur H. Boelter, Boelter & Gale, Seattle, WA, for petitioners-appellants.

Frank P. Cihlar, Tax Division, U.S. Dept. of Justice, Washington, DC, for respondent-appellee.

Before: WRIGHT, BEEZER and HALL, Circuit Judges.

---

2. The government's citation to *United States v. Popoola*, 881 F.2d 811, 813 (9th Cir.1989), in which the court examined the lack of prejudice to the defendant, is irrelevant to the present case. In *Popoola*, the defendant was claiming ineffective assistance of counsel, and prejudice is one of the two elements that must be proven to obtain relief under this claim. *See Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984).

## ORDER

For the reasons given by the tax court in its opinion, Tax Court Memorandum No. 1990–640, 60 T.C.M. (CCH) 1470, 1990 WL 209178 (1990), we affirm.

AFFIRMED.

**Alfred M. ADAMS, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 92–70089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1993.

Decided Aug. 12, 1993.

Thomas L. Toone, Beer, Toone & Ryan, Phoenix, AZ, for petitioner.

Jerome P. Jones, Jr., F.A.A., Washington, DC, for respondent.

Before CHOY, HUG and LEAVY, Circuit Judges.

PER CURIAM:

Appellant Alfred Adams seeks direct review of Federal Aviation Administration ("FAA") Flight Standards Service Director Thomas Accardi's decision not to renew his Pilot Examiner Designation. We conclude that we lack jurisdiction to review the FAA administrator's decision. Accordingly, Adams' petition is dismissed.

Adams was designated as a Pilot Examiner, pursuant to the Federal Aviation ("FA") Act. *See* 49 U.S.C.App. § 1355(a) (1988). The FA Act also authorizes the rescission of any such designation. The FA Act provides, in pertinent part:

In exercising the powers and duties vested in him by this chapter, the Secretary of Transportation may, subject to such regulations, supervision, and review as he may prescribe, delegate to any properly qualified private person, or to any employee or employees under the supervision of such person, any work, business, or function respecting (1) the examination, inspection, and testing necessary to the is-